LAMBERT, J.
Patrick Hicks and Tamaica Hicks (“Homeowners”) appeal the final judgment of foreclosure entered in favor of Wells Fargo Bank, N.A. (“Bank”). Homeowners *958 argue that based upon the default date alleged in the'complaint and the stipulations of the parties at trial, Bank’s claim was barred by the applicable statute of limitations. We agree and reverse with directions to dismiss the complaint.
On January % 2013, Bank filed its complaint to foreclose the mortgage and reestablish the promissory note at issue.[1] Bank alleged that the terms of the note and mortgage, had been breached by Homeowners’, failure to pay the June 1, 2006 payment and all subsequent payments. Bank also alleged that it exercised its option to accelerate the loan.
Homeowners answered the complaint and asserted as their first affirmative defense that the complaint was time barred and must be dismissed with prejudice because the suit was not commenced within five years of the default date alleged in the complaint, as required under section 95.11(2)(c), Florida Statutes (2013)- (establishing a five-year statute of limitations on actions to foreclose a mortgage). Bank did not file a reply to the affirmative defense.
The ease proceeded to trial in March 2014. At the commencement of trial, the following colloquy between counsel and the court occurred:
[HOMEOWNERS’ COUNSEL]: Your Honor, before we get started with testimony, plaintiffs counsel and I have talked.
We •actually believe that none of the facts are in dispute, and-it’s just a .matter of law- that the Court .needs-to rule upon.
■ There was a motion for summary judgment filed, but unfortunately it was filed 18 days ago. So by rule, we aren’t able to have it heard before today’s trial. So we are proposing that we have a stipulation to the facts during what is now the trial, and then make arguments to the Court in terms of the law and how those facts should be applied, and then have the Court render a judgment based on those facts and application of the law.
[BANK’S COUNSEL]: Your Honor, that’s the agreement. And I believe that the agreement is that, depending on how this comes out, they’ll consent to the final judgment or it will be dismissed.
THE COURT: This is set for trial. It’s not set. for summary judgment. ,
[HOMEOWNERS’ COUNSEL]: That’s correct, Your Honor, but being that there are, no disputes as to the facts, we’d be happy to stipulate to what those are for the Court to consider.
[BANK’S COUNSEL]: And really, I mean, the determining factor isn’t anything to do with the facts. It’s one issue of law.
[[Image here]]
[BANK’S COUNSEL]:... . There was a. default on the loan that occurred in 2006. The prior holder of the note, U.S. Bank, filed a foreclosure action against defendants in ,'2006. That action was voluntarily dismissed in 2008.
In 2011, Wells Fargo, who is the current holder of the note and mortgage, sent a notice of ihtent to accelerate to the defendants, and then filed a new foreclosure action in 2013,[2]
*959 Homeowners’ counsel thereafter argued that it was undisputed that there was a prior foreclosure suit, based on a June 1, 2006 default, filed on September 8, 2006, and that by filing, the 2006 foreclosure action, the prior holder accelerated the balance owed on the note. Subsequently, the suit was voluntarily dismissed without prejudice. Based on this chronology, Homeowners’ counsel asserted below that Bank was therefore ¡required to file the .present suit to foreclose no later than September 8; 2011. Because the present suit was not filed until 2013, Homeowners argued that Bank’s suit was barred by the statute of limitations. Conversely, Bank argued that pursuant to Singleton v. Greymar Associates, 882 So.2d 1004 (Fla.2004), the voluntary dismissal of the prior foreclosure action in 2008, without prejudice, meant that the loan was no longer in a state of acceleration. Therefore, Bank asserted that if the loan went into “default at any time,” Bank would be entitled to accelerate the full balance due under the note, including “the amounts going back to the first date of default because that’s what’s due and owing” After listening to the arguments, the court entered the final judgment of foreclosure on appeal.
The dispositive facts in this appeal are not in dispute. Because the earlier voluntary dismissal was not an adjudication on the merits, Evergrene Partners, Inc. v. Citibank, N.A., 148 So.3d 964, 966 (Fla. 4th DCA 2014) (citing Froman v. Kirland, 753 So.2d 114, 116 (Fla. 4th DCA 1999)), Bank was entitled to bring a later suit to foreclose on the note and mortgage. However, the suit must still be based on, an act of default within the,five-year statute of limitations period. See id. Here, Bank’s complaint was filed in 2013, based on an alleged default occurring on June 1, 2006.[3]. Because trial counsel for the parties stipulated to the court; that the facts were undisputed, with. Bank’s counsel additionally confirming that the sole determinative issue to resolve at trial was one of law, the court erred when it failed to dismiss the foreclosure complaint with prejudice based on a default that occurred outside of the five-year statute of limitations period. '
Nevertheless, we reject Homeowners’ implication in their brief that Bank is now forever barred from bringing an action to foreclose. Despite the previous acceleration of the balance owed in both the instant suit and prior suit, Bank is not precluded from filing a new foreclosure action based on different acts or dates of default not previously alleged, provided that the subsequent foreclosure action on the subsequent defaults is brought within the statute of limitations period found in section 95.11(2)(c), Florida Statutes. See Singleton, 882 So.2d at 1007 (“While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different .defaults present a separate and distinct issue.”) (citing Olympia Mortg. Carp. v. Pugh 774 So.2d 863, 866 (Fla. 4th DCA 2000)). This is because a “subsequent and separate alleged default create[s] a new and independent right in the mortgagee to accelerate payment on the note' in a subsequent foreclosure action.” Id. at 1008; U.S. Bank, Nat’l Ass’n v. Bartram, 140 So.3d 1007, 1014 (Fla. 6th DCA) (recognizing that the discussion in Singleton was limited to the application of the res judicata doctrine, but concluding *960 that Singleton’s analysis is equally applicable to the statute of limitations issue), review granted, 160 So.3d 892 (Fla.2014); see also Wells Fargo Bank, N.A. v. Robinson, 168 So.3d 1279, 1280 (Fla. 5th DCA 2015); PNC Bank, N.A. v. Neal, 147 So.3d 32 (Fla. 1st DCA 2013); Star Funding Sols., LLC v. Krondes, 101 So.3d 403 (Fla. 4th DCA 2012).
REVERSED and REMANDED with directions to dismiss the complaint.
TORPY and COHEN, JJ., concur.

. The noto being sued on is dated September 19, 2005, with a maturity date of October 1, 2035.

. In light of these representations made to the lower court, we find Bank's argument on ' appeal — that Homeowners failed to meet their evidentiary burden of proof on their affirmative defense or somehow "invited error" — to be particularly meritless. We further note that Bank’s trial counsel is not Bank's appellate counsel.

. This was further evidenced by the language in the final judgment that was prepared by Bank’s trial counsel,