ALTENBERND, Judge.
Charles A. Hummer appeals a final .order of dismissal in an action that, he filed pro se in June 2014. The initial complaint was dismissed without leave to amend on the theory that it was barred on its face by an applicable statute of limitations. We affirm as to his claims for damages arising from property damage but reverse as to the 'claims for damages related to personal injuries.
Mr. Hummer allegedly purchased a new home in North Port, Florida, on July 19, 2007. Adams Homes of Northwest Florida, Inc., was. the. general contractor for the house, and Nu Way Drywall, LLC, was the drywall subcontractor. The house was allegedly built with defective drywall.
From the complaint, which attaches a collection of exhibits that are of the type more likely to be provided by pro se litigants untrained in the law, there is no dispute that Mr. Hummer knew the home had a problem with.its drywall by mid-2009. In his complaint, Mr. Hummer actually anticipates that the defendants will raise a statute of-limitations as an affirmative defense, but he seeks equitable tolling and other avenues of relief from.this-affirmative defense.- The complaint contains *752 six counts: (1) negligence; (2) strict liability; (3) violation of the Florida Deceptive and Unfair Trade Practices Act; (4) breach of the implied warranty of habitability; (5) breach of the implied warranty of fitness; and (6) breach of the implied warranty of merchantability. In each count, Mr. Hummer alleges damages for property damage to the house and damages for personal injuries to himself. The defendants both filed'motions to dismiss, claiming the action was barred by a statute of limitations.' The' trial court agreed. It entered a. final order of dismissal and thereafter denied rehearing.
As to the property damage, Mr. Hummer acknowledges that he had actual knowledge of the defective drywall more than four years before the filing of this lawsuit. All of his theories are barred by one or more four-year statutes of limitations. See §§ 95.11(3), .031(2), Fla. Stat. (2009).
As to his personal injury claims, the issue is more complex. Mr. Hummer is allegedly a fully disabled veteran. Although he apparently received medical treatment in 2009 that ultimately may be determined to- be related to the drywall, we are not convinced that the date of the accrual of his personal injury causes of action can be established beyond dispute from his pro se pleading. A trial court’s authority to dismiss a complaint on an affirmative defense of statute of limitations is limited to situations in which “the complaint affirmatively and clearly shows the conclusive applicability of such defense as a bar to the action.” Alexander Hamilton Corp. v. Leeson, 508 So.2d 513, 513 (Fla. 4th DOA 1987). “A motion to dismiss a complaint based on the expiration of the statute of limitations should be granted only in extraordinary circumstances in which the facts pleaded in the complaint conclusively establish that the statute of limitations bars the action as a matter of law.” Wishnatzki v. Coffman Constr., Inc., 884 So.2d 282, 285 (Fla. 2d DCA 2004).
The complaint does not conclusively establish that a statute of limitations bars Mr. Hummer’s claims for personal injuries. Given that the claims for property damage and personal injuries were intertwined throughout Mr. Hummer’s complaint, on remand the trial court shall enter a new order dismissing the complaint with leave to file an amended complaint limited to the personal injury theories. Now that Mr. Hummer is represented by counsel, it is likely that he can more clearly allege his claims.
Affirmed in part, reversed in part, and remanded.
SLEET, J., Concurs.
LUCAS, J., Concurs in part and dissents in part with opinion.