NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BOLLETTIERI RESORT VILLAS )
CONDOMINIUM ASSOCIATION, INC., )
        )
    Appellant, )
        )
v. )  Case No. 2D15-3186
        )
THE BANK OF NEW YORK MELLON )
F/K/A THE BANK OF NEW YORK, as )
trustee for the holders of the certificates, )
First Horizon Pass-Through Certificates )
Series FHAMS 2007-FA4, by First Horizon )
Home Loans, a division of First Tennessee )
Bank National Association, Master Servicer, )
in its capacity as agent for the trustee under )
the pooling and servicing agreement, and )
BARRY GRAHAM, )
        )
    Appellees. )
_____)

Opinion filed August 26, 2016.

Appeal from the Circuit Court for Manatee
County; George K. Brown, Jr., Judge.

Shawn G. Brown of Redding & Brown,
PLLC, Tampa, for Appellant.

Nancy M. Wallace and Ryan D. O'Connor
of Akerman LLP, Tallahassee; William P.
Heller of Akerman LLP, Fort Lauderdale;
Celia C. Falzone of Akerman LLP,
Jacksonville; and Paul W. Ettori of
Akerman LLP, Orlando, for Appellee, The
Bank of New York Mellon.

No appearance for Appellee, Barry Graham.

SLEET, Judge.

Bollettieri Resort Villas Condominium Association, Inc., appeals the final judgment of foreclosure entered in favor of Bank of New York Mellon (the bank). We affirm on all issues but write only to address the sufficiency of the bank's second foreclosure complaint.

On May 24, 2007, Barry Graham executed and delivered a promissory note and mortgage in the amount of $535,000 to First Horizon Home Loan Corporation in order to purchase a condominium at Bollettieri Resort Villas. Graham failed to make the September 1, 2007, payment or any of the monthly payments thereafter. As a result, First Horizon filed a complaint seeking foreclosure on February 1, 2008, alleging that Graham had defaulted on September 1, 2007. For reasons not explained in the appellate record, First Horizon voluntarily dismissed its complaint without prejudice on May 19, 2011.

On January 13, 2013, the bank filed a second action for foreclosure against Graham and joined Bollettieri as a defendant. In its complaint the bank alleged that "[t]he required installment payment of September 1, 2007, was not paid, and no subsequent payments have been made." A default judgment was entered against Graham. On the scheduled day of trial, Bollettieri and the bank stipulated to the facts and argued only the issue of whether the five-year statute of limitations applicable to mortgage foreclosure actions, section 95.11(2)(c), Florida Statutes (2007), barred the second foreclosure action based on the September 1, 2007, default. The trial court

found that the bank's complaint was not barred by the statute of limitations and entered a final judgment of foreclosure in favor of the bank.[1]

On appeal, Bollettieri alleges that the bank may not recover any of the installment payments that came due more than five years prior to the filing of the second complaint. It also contends that although the bank is legally entitled to file a second foreclosure action, the bank's complaint should have been dismissed with prejudice because it was based on a default that took place more than five years before the filing of the complaint and that such formed the basis for the initial foreclosure complaint filed by First Horizon. See Hicks v. Wells Fargo Bank, N.A., 178 So. 3d 957, 959 (Fla. 5th DCA 2015) (reversing a final judgment of foreclosure and remanding for dismissal of the complaint with prejudice when the complaint was "based on a default that occurred outside of the five-year statute of limitations period"). We disagree.

In Hicks, Wells Fargo filed a second foreclosure action based on the Hicks' initial default date, which occurred more than five years prior to the filing of the complaint. Wells Fargo's complaint also alleged that no subsequent monthly payments had been made. Id. at 958. The Fifth District determined that the trial court erred when it failed to dismiss the foreclosure complaint, explaining that although the second foreclosure action was not procedurally barred, the complaint alleging the initial default date was insufficient because "the suit must still be based on an act of default within the five-year statute of limitations period." Id. at 959.

---

[1]At no point in the proceedings below did the trial court address Bollettieri's standing to raise the statute of limitations issue, and neither party has placed that issue before us in the instant appeal. We therefore do not consider that issue in our disposition. See I.R.C. v. State, 968 So. 2d 583, 588 (Fla. 2d DCA 2007) (holding that in considering an appeal, we are limited to addressing only the issues raised by the parties).

Although we agree with the Fifth District that a foreclosure action must be based on a default that occurred within the five-year statute of limitations period, we disagree that a complaint alleging that the homeowners are in a continuing state of default at the time of filing fails to satisfy this requirement. Dismissal of "a complaint based on the expiration of the statute of limitations should be granted only in extraordinary circumstances in which the facts pleaded in the complaint conclusively establish that the statute of limitations bars the action as a matter of law." Hummer v. Adams Homes of Nw. Fla., Inc., 41 Fla. L. Weekly D512, D512 (Fla. 2d DCA Feb. 26, 2016) (quoting Wishnatzki v. Coffman Constr., Inc., 884 So. 2d 282, 285 (Fla. 2d DCA 2004)). Bollettieri does not dispute that Graham's mortgage is currently in default and that no payments have been made since the September 2007 default. Although the initial default occurred more than five years prior to the bank's foreclosure complaint, the bank affirmatively alleged that Graham has failed to make any subsequent payments due on the note. Each "alleged default create[s] a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action." Singleton v. Greymar Assocs., 882 So. 2d 1004, 1008 (Fla. 2004). Accordingly, the bank's complaint was sufficient to establish that foreclosure could be based on any of the missed payments since the initial breach and was therefore not barred by the statute of limitations. To the extent that our decision conflicts with the holding of the Fifth District in Hicks, we certify conflict.

Affirmed; conflict certified.

SALARIO, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.

- 4 -

SILBERMAN, Judge, specially concurring.

I concur in the decision reached by the majority, which turns on the allegations of the complaint. I also note that it is undisputed the lawsuit in this case was initiated within five years of the date the bank accelerated the balance due on the loan. Thus, this case does not address the issue that has been the subject of recent decisions by other courts: that is, whether dismissal of an earlier foreclosure lawsuit nullifies the lender's prior acceleration of the note. See, e.g., Deutsche Bank Trust Co. Ams. v. Beauvais, 188 So. 3d 938 (Fla. 3d DCA 2016) (en banc); Nationstar Mortg., LLC, v. Brown, 175 So. 3d 833 (Fla. 1st DCA 2015); U.S. Bank Nat'l Ass'n v. Bartram, 140 So. 3d 1007 (Fla. 5th DCA), review granted, 160 So. 3d 892 (Fla. 2014).