IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VENTURES TRUST 2013-I-NH,
BY MCM CAPITAL PARTNERS, LLC,
ITS TRUSTEE,

      Appellant,

 v.                                 Case No.  5D16-1020

DANA M. JOHNSON AND
ROBIN L. JOHNSON,

      Appellees.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for St. Johns County,
Arthur W. Nichols, III, Senior Judge.

Shawn Taylor, of Deluca Law Group, PLLC., Fort
Lauderdale, for Appellant.

J. Russell Collins and Vincent L. Sullivan, of
Rusty Law, LLC, St. Augustine, for Appellees.

PER CURIAM.

The appellant, Ventures Trust 2013-I-NH ("Ventures"), appeals the trial court's

order granting Appellees', Dana M. Johnson and Robin L. Johnson, motion to dismiss the

mortgage foreclosure complaint with prejudice.  The complaint was dismissed on the

basis of the statute of limitations in that Ventures' foreclosure action was instituted on

October 27, 2015, alleging a default date of September 1, 2010, which was beyond the

five-year statute of limitations as set forth in section 95.11(2)(c), Florida Statutes (2015). In opposing the motion to dismiss, Ventures argued that its cause of action did not accrue until it accelerated the debt, which occurred when it filed the foreclosure complaint on October 27, 2015. We disagree and affirm the judgment.

It is well-settled that the accrual of the cause of action for each missed monthly installment payment accrues the day after each is due to be paid, not on the date of the acceleration of the entire balance. *See Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009 (Fla. 2016); *U.S. Bank Nat'l Ass'n v. Bartram*, 140 So. 3d 1007 (Fla. 5th DCA 2014). In this case the default date alleged was September 1, 2010, which was clearly beyond the five-year statute of limitations. This case is not unlike *Hicks v. Wells Fargo Bank, N.A.*, 178 So. 3d 957 (Fla. 5th DCA 2015), and Ventures is not precluded from filing a new foreclosure action based on different acts or dates of default not previously alleged, provided the new cause of action is instituted within the limitation periods for each default. *See* § 95.11(2)(c), Fla. Stat. (2015).

AFFIRMED.

BERGER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.