IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GREG H. KLEBANOFF AND THUY
KLEBANOFF,

      Appellants,

 v.                                                                                    Case No.  5D16-1637

BANK OF NEW YORK MELLON, F/K/A
THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT
INC., ALTERNATIVE LOAN TRUST
2006-HY11, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-HY11, ET AL,

      Appellees.

_____/

Opinion filed June 30, 2017

Appeal from the Circuit Court
for Flagler County,
Scott C. Dupont, Judge.

Tanner Andrews, of Tanner Andrews, P.A.,
Deland, for Appellants.

A. Donald Scott, Jr., of Clarfield, Okon,
Salomone & Pincus, P.L., West Palm
Beach, for Appellees.


EVANDER, J.

      Greg Klebanoff and Thuy Klebanoff ("the Klebanoffs") appeal the trial court's final

judgment of foreclosure in favor of the Bank of New York Mellon, f/k/a The Bank of New

York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-HY11, Mortgage Pass-Through Certificates, Series 2006-HY11 ("the Bank"). On appeal, the Klebanoffs argue that this court should reverse the final judgment of foreclosure because the Bank's action was barred by the applicable statute of limitations. We affirm.

On June 26, 2014, the Bank filed a mortgage foreclosure complaint against the Klebanoffs, alleging that "[t]here [was] a default under the terms of the Note and Mortgage for the March 1, 2009 payment and all subsequent payments due thereafter." The complaint further alleged that the Bank was "declar[ing] the full amount payable under the Note and Mortgage." The Klebanoffs filed an answer generally denying the allegations of the complaint and raising the statute of limitations as an affirmative defense. At trial, the Bank presented evidence reflecting that the Klebanoffs had failed to make the March 1, 2009 payment and any payment thereafter. The trial court entered a final judgment in favor of the Bank, and this appeal followed.

The Klebanoffs argue that pursuant to our decision in *Hicks v. Wells Fargo Bank, N.A.*, 178 So. 3d 957 (Fla. 5th DCA 2015), the trial court was constrained to dismiss the Bank's action based on the applicable five-year statute of limitations in section 95.11(2)(c), Florida Statutes (2014). Contrary to the Klebanoffs' contention, *Hicks* is distinguishable. In *Hicks*, although the complaint alleged that the mortgagors were in a continuing state of default, the parties proceeded to trial on stipulated facts that referenced only the initial default. 178 So. 3d at 958. Specifically, the bank's counsel stated:

> There was a default on the loan that occurred in 2006. The prior holder of the note, U.S. Bank, filed a foreclosure action against defendants in 2006. That action was voluntarily dismissed in 2008.

2

In 2011, Wells Fargo, who is the current holder of the note and mortgage, sent a notice of intent to accelerate to the defendants, and then filed a new foreclosure action in 2013.

*Id.* (footnote omitted). We reversed the final judgment of foreclosure, concluding that the foreclosure action should have been dismissed because it was based on a default that occurred outside of the five-year statute of limitations. *Id.* at 959.

The dispositive facts in this appeal are not in dispute. Because the earlier voluntary dismissal was not an adjudication on the merits, Bank was entitled to bring a later suit to foreclose on the note and mortgage. However, the suit must still be based on an act of default within the five-year statute of limitations period. Here, Bank's complaint was filed in 2013, based on an alleged default occurring on June 1, 2006. Because trial counsel for the parties stipulated to the court that the facts were undisputed, with Bank's counsel additionally confirming that the sole determinative issue to resolve at trial was one of law, the court erred when it failed to dismiss the foreclosure complaint with prejudice based on a default that occurred outside of the five-year statute of limitations period.

*Id.* (citations and footnote omitted).

*Hicks* is consistent with the Third District Court of Appeal's later opinion in *Collazo v. HSBC Bank USA, N.A.*, 213 So. 3d 1012 (Fla. 3d DCA 2016). In *Collazo*, our sister court similarly reversed a final judgment of foreclosure because the complaint was filed more than five years after the alleged payment default. 213 So. 3d at 1012. Notably, in his concurring opinion, Judge Shepherd emphasized that the bank had proceeded at trial only as to the initial default:

[T]he foreclosure action in the case before us was commenced on January 24, 2014, based on a default in payment alleged to have occurred on April 1, 2008. Counsel for HSBC insisted on trying the case on the basis of that default. After hearing the evidence, the trial court entered final

3

judgment and calculated all amounts due and payable based upon that default date over borrowers' objections and involuntary dismissal motions. In short, unlike counsel for the lenders in both the [*U.S. Bank National Association v. Bartram*, 140 So. 3d 1007 (Fla. 5th DCA), *review granted*, 160 So. 3d 892 (Fla. 2014) and *Deutsche Bank Trust Company Americas v. Beauvais*, 188 So. 3d 938 (Fla. 3d DCA 2016), *proceeding stayed*, No. SC16-732 (Fla. May 31, 2017)] cases, who circumvented the statute of limitations in those cases by alleging a default within the five-year limitation period, counsel for HSBC, when challenged, doubled down on a stale default outside the limitation period.

*Id.* at 1013-14 (Shepherd, J., concurring).

By contrast, in the instant case, the Bank both alleged and proved that the Klebanoffs had defaulted on each and every mortgage payment from March 1, 2009, and onward. Because the Bank alleged and proved missed payments within the five years prior to the filing of its complaint, its action was not barred by the statute of limitations. *See Bollettieri Resort Villas Condo. Ass'n v. Bank of N.Y. Mellon*, 198 So. 3d 1140, 1142-43 (Fla. 2d DCA 2016), *review granted*, No. SC16-1680 (Fla. Nov. 2, 2016) (holding that although mortgagor's initial default occurred more than five years prior to bank's foreclosure complaint, bank's allegation that mortgage was currently in default and that no payments had been made since initial default was sufficient to establish that foreclosure could be based on any of missed payments since initial breach, and was therefore not barred by applicable five-year statute of limitations);[1] *see also Dorta v. Wilmington Tr. Nat'l Ass'n*, 25 Fla. L. Weekly Fed. D267 (M.D. Fla. Mar. 24, 2014) ("While [mortgagee] may be barred from seeking foreclosure based on defaults more than five years old, it is not barred from seeking foreclosure or from invoking its right to accelerate

---

[1] Although *Bollettieri* certified conflict with *Hicks*, for the reasons indicated above, we believe that those two cases are not in conflict.

4

the entire indebtedness based on more recent defaults . . . ."); *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1011 (Fla. 2016) ("Once there were future defaults, however, the Bank had the right to file a subsequent foreclosure action—and to seek acceleration of all sums due under the note—so long as the foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default.").

Because the Bank alleged and proved that the subject mortgage was in a continuous state of default, which included defaults within the five-year statute of limitations, its action was not barred, even if the initial default was alleged to have occurred more than five years prior to the filing of the complaint.

AFFIRMED.

COHEN, C.J. and EDWARDS, J., concur.