# Third District Court of Appeal

## State of Florida

Opinion filed August 16, 2017.

_____

No. 3D15-2692
Lower Tribunal No. 15-15951

_____

**Wells Fargo Bank, NA, as Trustee, on behalf of the Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding, Trust 2007-AR4, Mortgage Pass Through Certificates, Series 2007-AR4,**
Appellant,

vs.

**BH-NV Investments 1, LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Robert J. Luck, Judge.

Holland & Knight, LLP, and Brian K. Hole and Philip E. Rothschild (Fort Lauderdale), for appellant.

Matthew Estevez, P.A., and Matthew Estevez, for appellee.

Before LAGOA, FERNANDEZ, and SCALES, JJ.

LAGOA, J.

Appellant, Wells Fargo Bank, NA, as Trustee, on behalf of the Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding, Trust 2007-AR4, Mortgage Pass Through Certificates, Series 2007-AR4 ("Trustee") appeals from the trial court's order entering final summary judgment in favor of Appellee, BH-NV Investments 1, LLC ("BH-NV"). We reverse.

I.   FACTUAL AND PROCEDURAL HISTORY

Of significance to this appeal, on June 15, 2009, the Trustee filed a complaint to foreclose on the subject property and alleged that the Borrower defaulted by failing to pay the December 1, 2008, payment and all subsequent payments (the "First Foreclosure Action"). On April 1, 2011, the trial court dismissed the First Foreclosure Action for lack of prosecution.

Subsequently, on July 14, 2015, the Trustee filed a second foreclosure action on the subject property, and alleged that the Borrower defaulted by failing to pay the August 1, 2010, payment and all subsequent payments (the "Second Foreclosure Action").

BH-NV[1] filed a Motion for Summary Judgment asserting that the Second Foreclosure Action was barred by the applicable statute of limitations. At the summary judgment hearing, counsel for BH-NV relied on this Court's opinion in Deutsche Bank Trust Co. Americas v. Beauvais, 40 Fla. L. Weekly D1 (Fla. 3d

_____

[1] BH-NV, a non-party to the Note and Mortgage, is the current owner of the subject property and purchased the property subject to the Trustee's mortgage.

2

DCA Dec. 17, 2014) ("Beauvais I"). Following the hearing, the trial court entered a written order granting BH-NV's motion "on statute of limitations grounds." This timely appeal ensued.

II. ANALYSIS

On appeal, the Trustee contends that this Court's en banc decision in Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938 (Fla. 3d DCA 2016) ("Beauvais II"), which withdrew Beauvais I, requires reversal of the trial court's order finding that the Second Foreclosure Action was barred by the applicable statute of limitations. We agree. As this Court concluded in Beauvais II, "dismissal of a foreclosure action accelerating payment on one default does not bar a subsequent foreclosure action on a later default if the subsequent default occurred within five years of the subsequent action." Id. at 944.

Moreover, the Florida Supreme Court's subsequent opinion in Bartram v. U.S. Bank National Ass'n, 211 So. 3d 1009 (Fla. 2016), reached the same conclusion on the question at issue here—whether a subsequent foreclosure action filed after an initial foreclosure action that sought acceleration but was later dismissed is barred by the applicable statute of limitations. In Bartram, the Florida Supreme Court concluded that a "Bank had the right to file a subsequent foreclosure action—and to seek acceleration of all sums due under the note—so

3

long as the foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default." Id. at 1021.

Accordingly, both Bartram and Beauvais II hold that a subsequent foreclosure action is not barred so long as the second action is brought on a subsequent default within the five-year statute of limitations period found in section 95.11(2)(c), Florida Statutes. A review of the record evidence in this case shows that the default in the Second Foreclosure Action is different than the default in the First Foreclosure Action. Moreover, the record evidence further establishes that the later default occurred within five years of the filing of that subsequent action.

Accordingly, we reverse the final judgment and remand to the trial court for reinstatement of the complaint in light of the Florida Supreme Court's opinion in Bartram and this Court's opinion in Beauvais II. We note that the trial court did not have the benefit of either opinion when it rendered the final judgment in favor of BH-NV.[2]

---

[2] This Court appreciates a party filing a confession of error, especially when filed prior to the parties expending unnecessary litigation costs and prior to this Court's expenditure of its limited judicial resources. Here, BH-NV filed a Confession of Error on July 19, 2017, based on this Court's decision in Wells Fargo Bank, N.A., v. Spence, 213 So. 3d 1142 (Fla. 3d DCA 2017). We note that Spence was decided on April 5, 2017, well before BH-NV's Answer brief was filed on May 22, 2017. As a result of BH-NV's failure to file its Confession of Error earlier even though Bartram, Beavais II, and Spence were decided well before its Answer brief was due, Wells Fargo was required to incur the expense of preparing and filing both an Initial Brief and a Reply Brief, and this Court was required to consider a matter

4

Reversed and remanded for reinstatement of complaint.

---

where the legal issue presented had been resolved against BH-NV's position by both this Court sitting en banc and the Florida Supreme Court.