# Supreme Court of Florida

_____

No. SC16-1680
_____

**BOLLETTIERI RESORT VILLAS CONDOMINIUM ASSOCIATION, INC.,**
Petitioner,

vs.

**THE BANK OF NEW YORK MELLON, etc.,**
Respondent.

[October 12, 2017]

PER CURIAM.

We initially accepted jurisdiction to review Bollettieri Resort Villas Condominium Ass'n, Inc. v. Bank of New York Mellon, 198 So. 3d 1140 (Fla. 2d DCA 2016), review granted, No. SC16-1680 (Fla. 2016), pursuant to article V, section 3(b)(4), of the Florida Constitution. After further consideration of the subsequent opinion of the Fifth District Court of Appeal in Klebanoff v. Bank of New York Mellon, 42 Fla. L. Weekly D1480, 2017 WL 2818078 (Fla. 5th DCA June 30, 2017), and the more recent cases from the Fourth District Court of Appeal in Kebreau v. Bayview Loan Servicing, LLC, 42 Fla. L. Weekly D1550, 2017 WL 2983999, at *1 (Fla. 4th DCA July 12, 2017), and the First District Court of

Appeal in <u>Forero v. Green Tree Servicing, LLC</u>, 42 Fla. L. Weekly D1577, 2017 WL 2989493, at *4 (Fla. 1st DCA July 14, 2017), we have determined that the certified conflict has been resolved, and we conclude that we should exercise our discretion and decline review. Accordingly, this case is hereby dismissed.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, CANADY, and POLSTON, JJ., concur.
LAWSON, J., concurs specially with an opinion.
LEWIS, J., concurs in result.

NO MOTION FOR REHEARING WILL BE ALLOWED.

LAWSON, J., concurring specially.

I agree that the conflict certified in <u>Bollettieri Resort Villas Condominium Ass'n, Inc. v. Bank of New York Mellon</u>, 198 So. 3d 1140 (Fla. 2d DCA 2016), <u>review granted</u>, No. SC16-1680 (Fla. 2016), has been resolved. The original conflict issue, however, was no more than the latest symptom of a more serious problem: a widespread and fundamental misunderstanding, in Florida, regarding how the statute of limitations, § 95.11(2)(c), Fla. Stat. (2017), operates vis-à-vis a long-term note (and mortgage). The law used to be well-settled and clear:

> The American cases are agreed that, when the acceleration provision is optional with the holder of the note, the Statute of Limitations does not run until the note is due according to its terms, in the absence of an exercise of the option to declare it due upon the default; in other words, the default does not ipso facto start the running of the statute.

Acceleration provision in note or mortgage as affecting the running of the Statute of Limitations, 34 A.L.R. 897 (1925).

Contrast the above statement of once-uniformly-accepted "black letter law" with the following statement from Bollettieri: "[W]e agree with the Fifth District that a foreclosure action must be based on a [missed payment] default that occurred within the five-year statute of limitations period . . . ." 198 So. 3d at 1142.[1] Contrary to this assertion in Bollettieri, a missed payment default does not start the

---

[1] I recognize that we made a similar declaration recently, in dicta. Bartram v. U.S. Bank Nat'l Ass'n, 211 So. 3d 1009, 1015 (Fla. 2016) ("The Bank acknowledged, however, that it could not seek to foreclose the Mortgage based on Bartram's [older missed payment] defaults . . . ."). Ironically, the language in Bartram that would appear to incorrectly treat each missed payment default as creating a new cause of action accrual date (for statute of limitations purposes) originated from the bank's own concession. Id.; see also U.S. Bank Nat'l Ass'n v. Bartram, 140 So. 3d 1007, 1009 (Fla. 5th DCA 2014) ("The Bank argued that although the statute of limitations prevents the Bank from collecting some payments, it did not bar the collection of payments that were missed within the most recent five-year period."), approved, 211 So. 3d 1009 (Fla. 2016). This concession, it appears, arose from a failure to recognize the different legal principles that apply when analyzing a statute of limitations question and issues arising from application of the separate common law doctrine of res judicata. In the latter context, Florida courts have created a special rule that can allow a second suit between the same parties based upon "the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship," Singleton v. Greymar Associates, 882 So. 2d 1004, 1007 (Fla. 2004), and equitable principles. Id. In that different legal context, the rule fashioned by the Florida Supreme Court does give legal significance to the date of missed payments—but not for statute of limitations purposes. Id. at 1008.

running of the statute of limitations. 34. A.L.R. 897. This means that the action does <u>not</u> need to be based on a missed payment default within the five-year limitations period—which, of course, is the exact opposite of the rule on which the Second and Fifth Districts agreed. Understanding why a missed payment is a non-event for statute of limitations purposes requires applying basic rules regarding when any statute of limitations begins to run to the specific terms of the typical long-term promissory note and mortgage, which by contract do not automatically accelerate when a payment is missed.

As explained in <u>Kipnis v. Bayerische Hypo-Und Vereinsbank, AG</u>, 202 So. 3d 859, 861-62 (Fla. 2016),

> "[T]he time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." § 95.031, Fla. Stat. (2013). "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat.; <u>see also</u> <u>State Farm Mut. Auto. Ins. Co. v. Lee</u>, 678 So. 2d 818, 821 (Fla. 1996) ("[A] cause of action cannot be said to have accrued, within the meaning of the statute of limitations, until an action may be brought.").

Under the terms of most long-term notes and mortgages, including the one at issue in <u>Bollettieri</u>, the total amount due under the note does not become due until maturity—most commonly thirty years after signing. Lenders cannot and do not sue to collect missed payments. Rather, the lender must bring suit for all amounts due under the note, <u>see</u> <u>Gaynon v. Statum</u>, 10 So. 2d 432, 433 (Fla. 1942) (explaining the rule against splitting causes of action), which it cannot do under the

terms of the note until maturity—unless it gives notice that it intends to act on a default (missed payment) by accelerating and declaring the entire balance due immediately. The <u>Bollettieri</u> contract also clearly provides that the lender or holder may forbear and hold off on accelerating the note—and that forbearance will not constitute a waiver or defense against future collection of all sums due and owing under the note. This means that the cause of action on a thirty-year note does not accrue until thirty years after signing—when the full balance is due— unless the lender accelerates and declares the full balance due earlier. <u>See, e.g.</u>, <u>Greene v. Bursey</u>, 733 So. 2d 1111, 1114-15 (Fla. 4th DCA 1999). The borrower who agreed that its default did not require suit any earlier has no contractual or other legal basis to bar a lender's suit based upon the lender's forbearance—unless, of course, we are going to rewrite the contract or abandon the original universal (and correct) rule that a missed payment does not trigger the running of the statute of limitations when acceleration is optional with the holder.

Although my individual view expressed in this context has no precedential value, the district courts can, of course, reconsider this issue on their own.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Second District - Case No. 2D15-3186

(Manatee County)

Shawn G. Brown of Frazier & Brown Law, PLLC, Tampa, Florida,

    for Petitioner

Nancy M. Wallace of Akerman LLP, Tallahassee, Florida, William P. Heller of Akerman LLP, Fort Lauderdale, Florida, Celia C. Falzone of Akerman LLP, Jacksonville, Florida, and Paul W. Ettori of Akerman LLP, Orlando, Florida,

    for Respondent

Dennis A. Donet of Law Office of Dennis A. Donet, P.A., Miami, Florida,

    for Amicus Curiae Enrique Arevalo