DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRILOK DESAI,**
Appellant,

v.

**BANK OF NEW YORK MELLON TRUST COMPANY, ETC.,**
Appellee.

No. 4D17-0890

[March 7, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 2015CA006838XXXXMB.

Enrique Nieves III of King, Nieves & Zacks, PLLC, West Palm Beach, for appellant.

Sarah T. Weitz of Weitz & Schwartz, P.A., Fort Lauderdale, for appellee.

KLINGENSMITH, J.

Bank of New York Mellon Trust Company ("BNY") filed a foreclosure action against appellant Trilok Desai after he defaulted on his mortgage payments. Although its first suit was involuntarily dismissed, BNY filed a second one against Desai, and obtained a final judgment of foreclosure. Desai states that this second action was barred by the statute of limitations since it was based on defaults occurring before the dismissal of the prior foreclosure lawsuit. He also asserts that Florida law prohibited BNY from seeking any interest on the loan that accrued while the first foreclosure case was pending. We disagree on both issues, and affirm.

The facts in this case are undisputed. In December 2009, BNY filed its initial foreclosure action and alleged, "There has been a default in the payment of the amounts due under the Note and Mortgage in that the payment due for March 1, 2009, and all subsequent payments have not been made." That suit was dismissed with prejudice in September 2013.

In June 2015, BNY filed the foreclosure action now on appeal, and included in its complaint the claim that "[Desai] has defaulted under the

Note and Mortgage by failing to pay the August 01 [sic], 2010 payment, and all subsequent payments due thereafter."

At trial, Desai moved for involuntary dismissal on the grounds that *Bartram v. U.S. Bank, N.A.*, 211 So. 3d 1009, 1019 (Fla. 2016), required that if a second foreclosure action is filed, then it must be based on a new default date accruing on a date after the dismissal of the prior action. Desai also claimed that *Bartram* prohibited BNY from seeking any interest on the loan that accrued while the first foreclosure action was pending.

BNY responded that it properly re-accelerated the debt and initiated a timely action when it filed its second complaint based on Desai's undisputed August 1, 2010 default, countering that *Bartram* did not require a subsequent action to be based on a default occurring after the dismissal of a prior suit, and did not preclude a mortgagee from recovering amounts that became due while the prior action was pending. The trial court entered final judgment in favor of BNY, and Desai appealed.

"'A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.'" *Med. Data Sys., Inc. v. Coastal Ins. Grp., Inc.*, 139 So. 3d 394, 396 (Fla. 4th DCA 2014) (quoting *Fox v. Madsen*, 12 So. 3d 1261, 1262 (Fla. 4th DCA 2009)).

Based on the allegations of the second complaint, the filing of the second action in June 2015 was timely. That complaint was limited in scope to defaults starting in August 2010, and not from the date of the initial default in March 2009. BNY pleaded and proved that Desai was in an ongoing state of default from August 2010 to the filing the second complaint. Thus, having limited its recovery only to those defaults occurring within five years of the second lawsuit, BNY's action was not barred by the statute of limitations. *See* § 95.11(2)(c), Fla. Stat. (2015); § 95.031, Fla. Stat. (2015); *Depicciotto v. Nationstar Mortg. LLC*, 225 So. 3d 390, 391 (Fla. 4th DCA 2017) ("Nationstar's foreclosure action was not barred by the statute of limitations where it alleged and proved separate and continuing defaults that fell within the five years preceding the filing of this suit."); *Desylvester v. Bank of N.Y. Mellon*, 219 So. 3d 1016, 1020 (Fla. 2d DCA 2017) (holding the same); *Evergrene Partners, Inc. v. Citibank, N.A.*, 143 So. 3d 954, 956 (Fla. 4th DCA 2014) (holding the same).

Desai also suggests that the court's involuntary dismissal of BNY's initial foreclosure action with prejudice precluded the trial court from awarding any amounts that were in default while the initial foreclosure action was pending. We find this argument to be without merit.

2

The court in *Bartram* held that dismissal of a foreclosure action accelerating payment based on a default does not bar the filing of a subsequent foreclosure action. 211 So. 3d at 1021. A mortgagee has "the right to file a subsequent foreclosure action—and to seek acceleration of *all sums* due under the note—*so long as the foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default.*" *Id.* (emphasis added).

Likewise, the doctrines of res judicata and collateral estoppel did not prevent BNY from filing a second foreclosure complaint and relitigating those issues despite the involuntary dismissal with prejudice of its prior action where the case was not decided on the merits. *See Singleton v. Greymar Assocs.*, 882 So. 2d 1004, 1007–08 (Fla. 2004) (concluding that "the doctrine of res judicata does not necessarily bar successive foreclosure suits," and explaining that while "a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue"); *Aronowitz v. Home Diagnostics, Inc.*, 174 So. 3d 1062, 1066 (Fla. 4th DCA 2015) (stating that for collateral estoppel to apply, the specific issue must have been actually litigated and decided in a prior suit).

BNY's second complaint alleged, and it was not contested, that Desai was in a continuing state of default. Therefore, the note and mortgage remained enforceable by a foreclosure based on any default occurring within the statute of limitations. *See Bartram*, 211 So. 3d at 1012; *Depicciotto*, 225 So. 3d at 391-92; *Kebreau v. Bayview Loan Serv., LLC*, 225 So. 3d 255, 256 (Fla. 4th DCA 2017) (holding that a suit may proceed where alleged defaults fell within the five-year limitations period). *Cf. Collazo v. HSBC Bank USA, N.A.*, 213 So. 3d 1012, 1013 (Fla. 3d DCA 2016) (reversing foreclosure judgment where plaintiff asserted the same payment default date and basis for acceleration in a prior and subsequent complaint, a date over five years preceding the commencement of the latter case); *Hicks v. Wells Fargo Bank, N.A.*, 178 So. 3d 957, 959 (Fla. 5th DCA 2015) (ruling the trial court erred by failing to dismiss a foreclosure action where counsel stipulated to a default date outside of the statute of limitations).

Other cases arising in our sister courts have held similarly. In *Wells Fargo Bank, NA v. BH-NV Invs. 1, LLC*, 230 So. 3d 60, 61 (Fla. 3d DCA 2017), a trustee filed a foreclosure action in June 2009 based on a borrower's default in December 2008 and on all subsequent payments. In April 2011, the trial court dismissed that foreclosure action. *Id.* More than four years later in July 2015, the trustee filed a second foreclosure

action based on the borrower's default in August 2010 and all subsequent missed payments during the pendency of the prior suit. *Id.* The Third District reversed the trial court's summary judgment in favor of the borrower, and held that, based on *Bartram*, the lender could properly file its later suit. *Id.* at 62; *see also Bollettieri Resort Villas Condo. Ass'n, Inc. v. Bank of N.Y. Mellon*, 198 So. 3d 1140, 1142 (Fla. 2d DCA 2016) (holding that a complaint alleging a continuing state of default "was sufficient to establish that foreclosure could be based on any of the missed payments since the initial breach"), *rev. dismissed*, 228 So. 3d 72 (Fla. 2017).

We affirm the trial court's final judgment of foreclosure.

*Affirmed.*

CIKLIN and LEVINE, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***