NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

U.S. BANK, N.A., Successor Trustee to  )
LaSalle Bank National Association, on  )
behalf of the holders of Bear Stearns Asset )
Backed Securities I Trust 2005-HE7, Asset- )
Backed Certificates Series 2005-HE7,  )
                      )
       Appellant,  )
                      )
v.  )       Case No. 2D17-3262
                      )
ANA GONZALES; ANGEL CASIANO; and  )
SUMMERFIELD MASTER COMMUNITY  )
ASSOCIATION, INC.,  )
                      )
       Appellees.  )
_____)

Opinion filed May 2, 2018.

Appeal from the Circuit Court for
Hillsborough County; Mark D. Kiser and
Paul L. Huey, Judges.

Adam J. Knight and Jacqueline Simms-
Petredis of Burr & Forman LLP, Tampa, for
Appellant.

No appearance for Appellees.

BLACK, Judge.

      U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association,

on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2005-HE7, Asset-Backed Certificate Series 2005-HE7 (U.S. Bank), appeals from the order dismissing with prejudice its mortgage foreclosure action against Ana Gonzales and Angel Casiano (the homeowners), arguing that the trial court erred in determining that the complaint was barred by the statute of limitations.[1]  We agree and reverse.

On February 25, 2016, U.S. Bank filed an action against the homeowners to enforce a promissory note and foreclose a mortgage, alleging that the homeowners defaulted on the note and mortgage by failing to make "the payment due for August 1, 2010, and all subsequent payments."  The homeowners filed a motion to dismiss the foreclosure complaint, alleging, in relevant part, that the complaint failed to state a cause of action because it had not been filed within five years of the initial default date alleged.  See § 95.11(2)(c), Fla. Stat. (2010).[2]  The trial court entered an order granting

---

[1]The homeowners did not participate in this appeal.

[2]U.S. Bank contends that a motion to dismiss was not the proper vehicle to raise the statute of limitations defense in this case.  It is true that "[o]rdinarily, the statute of limitations is an affirmative defense; however, an affirmative defense appearing on the face of a prior pleading may be asserted as a ground for a motion to dismiss under Florida Rule of Civil Procedure 1.140(b)."  Hofer v. Ross, 481 So. 2d 939, 940 (Fla. 2d DCA 1985) (citing Fla. R. Civ. P. 1.110(d)); accord Williams v. City of Jacksonville, 191 So. 3d 925, 927-28 (Fla. 1st DCA 2016).  Because the applicability of the five-year statute of limitations could be "conclusively established by the facts pleaded in the [foreclosure] complaint," it was properly "alleged as [a] ground[] for [the] motion to dismiss" in this case.  See Levine, Zweibach, Davis, P.A. v. Levine, 734 So. 2d 1191, 1195 (Fla. 2d DCA 1999); compare Gen. Motors Acceptance Corp. v. Thornberry, 629 So. 2d 292, 293 (Fla. 3d DCA 1993) ("Where, as here, the statute of limitations defense appears on the face of the complaint, it is permissible to assert the statute of limitations defense by motion to dismiss."), with Wishnatzki v. Coffman Constr., Inc., 884 So. 2d 282, 285 (Fla. 2d DCA 2004) ("Considering the complaint on its face, we cannot say as a matter of law that the limitations period commenced to run in 1988 when the Homeowner first experienced 'problems with the roof.'  Further facts may or may not establish that other problems around the windows or in the walls

the motion to dismiss based solely on the finding that the action was barred by the statute of limitations and directed the clerk to close the file. In dismissing the complaint, the trial court relied upon Hicks v. Wells Fargo Bank, N.A., 178 So. 3d 957 (Fla. 5th DCA 2015). Despite the fact that the complaint in Hicks alleged a continuing state of default—just like the complaint in this case—the Fifth District held that the complaint should have been dismissed because the initial default date alleged in the complaint occurred outside of the five-year statute of limitations. Id. at 959. However, as clarified in Klebanoff v. Bank of N.Y. Mellon, 228 So. 3d 167, 168 (Fla. 5th DCA 2017), the parties in Hicks "proceeded to trial on stipulated facts that referenced only the initial default." Hicks is therefore distinguishable from this case.

As this court has repeatedly held, alleging "a continuing state of default at the time of the filing of the complaint [is] sufficient to satisfy the . . . statute of limitations." Huntington Nat'l Bank v. Watters, 228 So. 3d 595, 596 (Fla. 2d DCA 2017) (alteration in original) (quoting Desylvester v. Bank of N.Y. Mellon ex rel. Holders of Alt. Loan Tr. 2005-62, Mortg. Pass-Through Certificates Series 2005-62, 219 So. 3d 1016, 1020 (Fla. 2d DCA 2017)); accord Bollettieri Resort Villas Condo. Ass'n v. Bank of N.Y. Mellon, 198 So. 3d 1140, 1142 (Fla. 2d DCA 2016), review dismissed, 228 So. 3d 72 (Fla. 2017). Although the initial alleged default date of August 1, 2010, occurred more than five years prior to the filing of the foreclosure complaint on February 25, 2016, because the statute of limitations runs from the date of each new default and the complaint alleged a continuing state of default since August 1, 2010, U.S. Bank's

---

constituted unrelated defects of which the Homeowner did not have notice until well after 1988.").

complaint was sufficient to establish that foreclosure could be based on any default that was within the statutory period.  See Bollettieri Resort Villas Condo. Ass'n, 198 So. 3d at 1142.  Because U.S. Bank's foreclosure action was not time-barred, we reverse the order of dismissal and remand for further proceedings.[3]

       Reversed and remanded.


CASANUEVA and SILBERMAN, JJ., Concur.

---

[3]Because the court's dismissal was based solely on the homeowners' statute of limitations argument, it is not appropriate for this court to address U.S. Bank's contention that the homeowners failed to raise any other viable basis to support dismissal.