[PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11959
_____

D.C. Docket No. 1:13-cv-23998-CMA


DONALD KIPNIS,
LAWRENCE KIBLER,
KENNETH A. WELT
As Chapter 7 Trustee of the Estate of Donald Kipnis,

Plaintiffs-Appellants,


versus


BAYERISCHE HYPO-UND VEREINSBANK, AG,
a corporation,
a.k.a. Unicredit Bank AG,
HVB U.S. FINANCE, INC.,
n.k.a. Unicredt U.S. Finance, Inc.

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 22, 2016)

Before HULL, BLACK and MELLOY,[*] Circuit Judges.

PER CURIAM:

The facts of this case are more fully set out in this Court's prior opinion. See Kipnis v. Bayerische Hypo-Und Vereinsbank, AG, 784 F.3d 771 (11th Cir. 2015). By way of brief review, the plaintiffs and defendants Bayerische Hypo-Und Vereinsbank, AG and HVB U.S. Finance, Inc. (collectively, "HVB") participated in a tax-shelter scheme known as CARDS. Id. at 773-75. The CARDS transaction at issue took place from December 2000 until December 2001. Id. at 774-76.

In October 2007, after HVB publicly admitted fault for participating in CARDS schemes, the Internal Revenue Service ("IRS") issued notices of tax deficiency to the plaintiffs. Id. at 776. On November 1, 2012, the United States Tax Court issued a decision against the plaintiffs, concluding, inter alia, that the CARDS transaction they had engaged in "lacked economic substance." Id. at 776-77.

On November 4, 2013, the plaintiffs filed a diversity complaint against HVB in federal district court, raising various state-law claims and alleging that HVB and its co-conspirators defrauded them by promoting and selling CARDS transactions for their own financial gain. Id. at 773, 777. The district court dismissed the

---

[*] Honorable Michael J. Melloy, United States Circuit Judge for the Eighth Circuit, sitting by designation.

2

complaint as barred by Florida's four- and five-year statutes of limitation.  Id. at 777-78.  On appeal, we certified the following question to the Florida Supreme Court:

> UNDER FLORIDA LAW AND THE FACTS IN THIS CASE, DO THE CLAIMS OF THE PLAINTIFF TAXPAYERS RELATING TO THE CARDS TAX SHELTER ACCRUE AT THE TIME THE IRS ISSUES A NOTICE OF DEFICIENCY OR WHEN THE TAXPAYERS' UNDERLYING DISPUTE WITH THE IRS IS CONCLUDED OR FINAL?

Id. at 783.

In response, the Florida Supreme Court held that "the plaintiff taxpayers' claims accrued at the time their action in the tax court became final.  That action became final ninety days after the tax court's judgment, at the expiration of the time period for an appeal of that judgment."  Kipnis v. Bayerische Hypo-Und Vereinsbank, AG, 202 So. 3d 859, No. SC15-740, 2016 WL 6539470, at *1 (Fla. Nov. 3, 2016); see also id. at *8 (holding that the plaintiff taxpayers' "claims accrued at the time their action in the tax court became final, following expiration of the ninety-day time period for appealing the tax court's judgment").

In light of the Florida Supreme Court's response, we conclude that the district court erred in dismissing the plaintiffs' complaint as time-barred.  Under the Florida Supreme Court's interpretation, the applicable statutes of limitation did not begin to run until January 30, 2013, which is 90 days after the tax court's November 1, 2012 judgment.  Therefore, the plaintiffs' complaint, filed on

November 4, 2013, was timely.  We reverse the district court's judgment and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**