IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

U.S. BANK, N.A., SUCCESSOR TRUSTEE
TO BANK OF AMERICA, NA, SUCCESSOR
IN INTEREST TO LASALLE BANK, NA AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE WASHINGTON
 MUTUAL MORTGAGE, ETC.,

   Appellant,

 v.              Case No.  5D16-3609

DAVID M. DIAMOND, JANET DIAMOND
AND SUMMER PLACE CONDOMINIUM
ASSOCIATION OF BREVARD, INC., ETC.,

   Appellees.

_____/

Opinion filed September 1, 2017

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Allison Morat, of Pearson Bitman LLP,
Maitland, for Appellant.

J. Christopher Crowder, of Faro & Crowder,
PA, Melbourne, for Appellees, David M.
Diamond and Janet Diamond.

No appearance for other Appellee.


EDWARDS, J.

   Appellant appeals the trial court's order dismissing its foreclosure complaint

against Appellees.  The loan, as documented by the note and mortgage, called for

Appellees to pay interest only for the first ten years before beginning to pay off the principal. Appellant first sued to foreclose the mortgage in 2010, alleging that Appellees failed to make the monthly installment payment for October 2009 and that all subsequent payments had not been made. The first foreclosure suit was dismissed. In January 2015, Appellant filed this second foreclosure suit regarding the same note and mortgage against Appellees. In the second suit, Appellant alleged that Appellees failed to make the October 2009 payment and that all subsequent payments had not been made.

After trial on this second foreclosure action, the trial court initially entered judgment in favor of Appellant. Appellees moved for rehearing, seeking entry of involuntary dismissal because Appellant's complaint identified a "stale date," i.e., more than five years before the suit was filed, as the date of default; therefore, they argued, it was barred by the applicable statute of limitations, section 95.11(2)(c), Florida Statutes (2016). The trial court agreed, granted the motion for rehearing, and entered its order involuntarily dismissing Appellant's complaint. For the reasons set forth below, we reverse.

We recently decided *Klebanoff v. Bank of N.Y. Mellon*, 42 Fla. L. Weekly D1480 (Fla. 5th DCA June 30, 2017), *motion for reh'g filed*, where we held that "[b]ecause the Bank alleged and proved that the subject mortgage was in a continuous state of default, which included defaults within the five-year statute of limitations, its action was not barred, even if the initial default was alleged to have occurred more than five years prior to the filing of the complaint." 42 Fla. L. Weekly at D1481; *accord Forero v. Green Tree Servicing, LLC*, No. 1D16-2151, 2017 WL 2989493 (Fla. 1st DCA July 17, 2017) (holding that subsequent defaults occurring after a stale date, but within five years of suit, were not barred by the statute of limitations); *Kebreau v. Bayview Loan Servicing, LLC*, No.

2

4D16-2010, 2017 WL 2983999 (Fla. 4th DCA July 12, 2017) (same). The Florida Supreme Court has granted review on the issue in *Bollettieri Resort Villas Condominium Ass'n v. Bank of N.Y. Mellon*, No. SC16-1680, 2016 WL 9454216 (Fla. Nov. 2, 2016), *rev'g Bollettieri Resort Villas Condominium Ass'n v. Bank of N.Y. Mellon*, 198 So. 3d 1140, 1142-43 (Fla. 2d DCA 2016).

In the instant case, Appellant alleged and proved at trial that Appellees' default was continuing because Appellees failed to make any mortgage payments following the initial default date, October 2009, up to the time the second suit was filed. As we have previously noted, every new default on a monthly installment presents a new cause of action for statute of limitations purposes. *See U.S. Bank Nat'l Ass'n v. Bartram*,140 So. 3d 1007, 1014 (Fla. 5th DCA 2014). The Florida Supreme Court agreed with our reasoning on this point. *See Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1019 (Fla. 2016). "Therefore, with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." *Id.*

Accordingly, we find that Appellant's claims for defaults occurring within five years of the filing of the second foreclosure action were not barred by the statute of limitations. However, Appellant has agreed here, as it did in *Bartram*, that it cannot recover for those installment payment defaults that occurred more than five years before the current action was filed. *Id.* at 1015. We reverse and remand to the trial court with instructions to vacate the order dismissing the complaint and to enter judgment in favor of Appellant, but to exclude any defaults that occurred more than five years prior to the filing date of the current suit, *nunc pro tunc* to the original date judgment was entered. Appellant's motion

for appellate attorney's fees is granted, with the amount to be determined by the trial court.

REVERSED AND REMANDED WITH INSTRUCTIONS.

ORFINGER and EVANDER, JJ., concur.