[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11884
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00185-WTH-PRL


MARLENE DORTA,

Plaintiff - Appellant,

versus

CITIBANK NATIONAL ASSOCIATION,
as trustee for Lehman Brothers-BNC Mortgage Loan Trust 2007-3,
WILMINGTON TRUST NATIONAL ASSOCIATION,
as successor trustee to CITIBANK NATIONAL ASSOCIATION,
 as trustee for BNC Mortgage Loan Trust 2007-3,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 7, 2017)

Before MARTIN, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Marlene Dorta ("Dorta"), appeals the district court's order dismissing her amended complaint, seeking to quiet title, against Wilmington Trust National Association ("Wilmington"). After reviewing the record and reading the parties' briefs, we affirm.

## I. BACKGROUND

William Junquera ("Junquera"), Dorta's predecessor as owner of the real property at issue, executed and delivered to BNC Mortgage a promissory note in the amount of $150,100.00 on April 2, 2007. In December 2007, Citibank, in its then role as trustee for BNC Mortgage Loan Trust, filed a two-count complaint against Junquera in Florida circuit court. Citibank claimed, in part, that Junquera had defaulted on the note and mortgage when he failed to make his scheduled payment on September 1, 2007, as well as other subsequent payments. Citibank declared the full amount due under the note and mortgage to be paid (acceleration), and sought to foreclose on the subject property. Almost two years later, the circuit court dismissed without prejudice Citibank's action due to lack of prosecution. Thus, Citibank's attempted acceleration was unsuccessful.

2

Dorta obtained a quit claim deed for the subject property from Junquera on December 31, 2012.  Shortly thereafter, Dorta filed the present action to quiet title. She alleges that the five year statute of limitations on an action to foreclose the mortgage expired on September 1, 2012.  Because the five years have passed, Dorta asserts that the note and the mortgage are no longer enforceable, and the mortgage remains as a cloud on her title to the subject property.  Wilmington filed a motion to dismiss, and Dorta did not respond.  The district court granted the motion and dismissed the amended complaint on March 25, 2013.  Dorta timely appealed.

## II. DISCUSSION

The district court granted Wilmington's motion to dismiss, concluding that a foreclosure action based on defaults less than five years prior to the filing of a claim would not be barred by the five year state of limitations under Florida Statute § 95.11(2).  We review the district court's dismissal order de novo, accepting the complaint's allegations as true and construing them in the light most favorable to Dorta.  *See CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1336 (11th Cir. 2017).

In *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009 (Fla. 2016), the Florida Supreme Court held that dismissal of a foreclosure had the effect of

3

revoking the debt acceleration and restoring the prior payment relationship of the parties, thereby allowing a subsequent acceleration and foreclosure so long as the foreclosure action was based on a subsequent default, and that action was brought within five years of that subsequent default. *Id.* at 1019–21. The state supreme court made clear that it is irrelevant whether the foreclosure suit was dismissed with or without prejudice. *Id*. at 1020. The court reinforced its holding from *Singleton v. Greymar Ass'n*, 882 So. 2d 1004, 1007 (Fla. 2004) (stating that "[w]hile it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults presents a separate and distinct issue"), upon which the district court in the present case relied. Because "the mortgagor and mortgagee are simply placed back in the same contractual relationship with the same continuing obligations," *id*., under the court's holding, Dorta's lender remains free to recover unpaid installments less than five years old.

Thus, Dorta cannot allege plausible facts showing that a cloud exists on her title to the property at issue. *See Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). Her complaint fails to state a claim for the declaratory relief sought because it fails to allege the invalidity of the mortgage and the note. Hence, her pursuit of an

4

order quieting title to the mortgaged property fails.  The district court's legal analysis and ultimate conclusion are correct and without error.  Accordingly, we affirm the district court's order of dismissal.

    **AFFIRMED**.