IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BANK OF NEW YORK MELLON
F/K/A BANK OF NEW YORK AS
SUCCESSOR IN INTEREST TO
JPMORGAN CHASE BANK, N.A.
 AS TRUSTEE FOR STRUCTURED
ASSET MORTGAGE INVESTMENTS II,
INC., BEAR STEARNS ALT-A TRUST, ETC.,

      Appellant,

 v.

Case No.  5D16-3718

DANIEL STALLBAUM,

      Appellee.

_____/

Opinion filed December 1, 2017

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

J Kirby McDonough and Michael J. Labbee,
of Quarles & Brady LLP, Tampa,
for Appellant.

Mark P. Stopa, of Stopa Law Firm, Tampa,
for Appellee.

ORFINGER, J.

      Bank of New York Mellon f/k/a Bank of New York as Successor in Interest to JP

Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II, Inc.,

Bear Stearns Alt-A Trust, Etc. ("Bank") appeals the trial court's summary final judgment dismissing Bank's foreclosure complaint based on the statute of limitations. We reverse.

In this case, the complaint, filed on March 3, 2015, alleged that the "Note and Mortgage are in default in that the payment due March 1, 2010 and all subsequent payments have not been made." The court granted summary judgment in favor of the borrower, Daniel Stallbaum, and dismissed the complaint, ruling that the action was time-barred because the initial default occurred more than five years before the foreclosure action was filed. Because the complaint alleged a continuous state of default that included acts of default occurring within the five-year period, the statute of limitations did not bar the complaint. See U.S. Bank N.A. v. Diamond, 42 Fla. L. Weekly D1934, D1935 (Fla. 5th DCA Sept. 1, 2017) (holding that January 2015 foreclosure complaint, alleging that borrower defaulted on October 2009 payment and that "all subsequent payments had not been made" was not barred by statute of limitations as lender proved that borrower's "default was continuing because [borrower] failed to make any mortgage payments following the initial default date" up to time complaint was filed); Klebanoff v. Bank of N.Y. Mellon, 42 Fla. L. Weekly D1480, D1481 (Fla. 5th DCA June 30, 2017) (holding that June 2014 foreclosure complaint that alleged borrower defaulted on March 2009 payment and "all subsequent payments due thereafter" was not barred by statute of limitations because it alleged mortgage "was in a continuous state of default, which included defaults within the five-year statute of limitations . . . even if the initial default was alleged to have occurred more than five years prior to the filing of the complaint");[1] cf. Hicks v. Wells Fargo

---

[1] Klebanoff and Diamond had not been issued when the trial judge ruled in this matter.

Bank, N.A., 178 So. 3d 957, 958-59 (Fla. 5th DCA 2015) (holding that complaint was barred by statute of limitations even though it alleged continuous state of default because parties stipulated before trial that complaint was based solely on initial default payment that occurred outside five-year period).[2]

Accordingly, we reverse the entry of summary final judgment and remand for further proceedings.

REVERSED and REMANDED.

SAWAYA and WALLIS, JJ., concur.

---

[2] We reject Stallbaum's alternate argument that we should affirm based on Bartram v. U.S. Bank National Ass'n, 211 So. 3d 1009 (Fla. 2016), because the initial default alleged in the present case was the same default alleged in an earlier foreclosure action between the parties that was dismissed without prejudice. We rejected this argument based on similar facts in Diamond, 42 Fla. L. Weekly at D1935. Accord Bank of N.Y. Mellon Corp. v. Anton, 42 Fla. L. Weekly D1894 (Fla. 3d DCA Aug. 30, 2017) (holding that complaint alleging default based on initial default "and all subsequent payments" satisfied pleading requirement in Bartram). Unlike Bartram, the earlier action here was not adjudicated on the merits.