IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NEIL VELDEN,

      Appellant,

v.                                            Case No.  5D16-3628

NATIONSTAR MORTGAGE, LLC,

      Appellee.

_____/

Opinion filed January 12, 2018

Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Mark P. Stopa, of Stopa Law Firm, Tampa,
for Appellant.

Nancy M. Wallace, of  Akerman LLP,
Tallahassee,  William P. Heller of Akerman
LLP, Fort Lauderdale, Celia C. Falzone, of
Akerman LLP, Jacksonville and  Eric M.
Levine, of Akerman LLP, West Palm Beach,
and Charles P. Gufford, of McCalla Raymer
Pierce, LLC, Orlando, for Appellee.

PALMER, J.

     Neil Velden appeals the final judgment of foreclosure entered by the trial court in

favor of Nationstar Mortgage, LLC (Nationstar). We affirm in all respects except to the

extent the final judgment includes some payments barred by the statute of limitations.

In July 2014, Freedom Mortgage Corporation (Freedom) filed a mortgage foreclosure complaint against Velden, alleging that Velden failed to make his February 1, 2009 mortgage payment as well as all subsequent payments. Thereafter, Nationstar was substituted for Freedom. After trial, the court entered a final judgment of foreclosure in favor of Nationstar, awarding the full amount of the unpaid note plus interest, dating back to January 2009.

Velden asserts that the trial court erred in denying his motion for the entry of an involuntary dismissal because Freedom's complaint was filed more than five years after the date of his first missed payment. We disagree.

Section 95.11(2)(c) of the Florida Statutes (2014) provides that an action to foreclose a mortgage shall be commenced within five years. In Klebanoff v. Bank of N. Y. Mellon, 228 So. 3d 167,168-69 (Fla. 5th DCA 2017), we affirmed a final judgment of foreclosure, rejecting the same statute of limitations argument raised here:

> Because the Bank alleged and proved missed payments within the five years prior to the filing of its complaint, its action was not barred by the statute of limitations.

See also U.S. Bank, N.A. v. Diamond, 228 So. 3d 177,178 (Fla. 5th DCA 2017).

Velden further argues that the trial court erred in awarding Nationstar amounts which accrued beyond the five-year limitations period. We agree.

In U.S. Bank National Association v. Bertram, 140 So. 3d 1007 (Fla. 5th DCA 2014), affirmed, 211 So. 3d 1009 (Fla. 2016), we quoted with approval from the federal district court case of Kaan v. Wells Fargo Bank, N.A., 981 F. Supp. 2d 1271, 1274 (S. D. Fla. 2013):

> While any claims relating to individual defaults that are now more than five years old may be subject to the statute of

2

limitations, each payment that is less than five years old . . . created a basis for a subsequent foreclosure and/or acceleration action.

In Diamond, 228 So. 3d at 179, under similar facts, we remanded with instructions for the trial court "to exclude any defaults that occurred more than five years prior to the filing date of the current suit, *nunc pro tunc* to the original date judgment was entered." See generally Greene v. Bursey, 733 So. 2d 1111 (Fla. 4th DCA 1999) (recognizing that statute of limitations may run on some payments due on a promissory note but not on others); Cent. Home Tr. Co. of Elizabeth v. Lippincott, 392 So. 2d 931 (Fla. 5th DCA 1991) (holding that installment payments due on a promissory note more than five-years old are barred by the statute of limitations, although more recent missed payments are collectible).[1]

Accordingly, we affirm the judgment as to liability, but reverse and remand for the trial court to exclude an award of damages for any defaults that occurred more than five years prior to the filing date of the current lawsuit, *nunc pro tunc* to the original date judgment was entered.

AFFIRMED in part; REVERSED in part; and REMANDED.


COHEN, C.J., concurs.
LAMBERT, J., concurs and concurs specially, with opinion.

---

[1] We reject Velden's standing argument without further elaboration.

LAMBERT J., concurring and concurring specially, with opinion.          5D16-3628

I concur with the majority opinion which affirms, in part, the final judgment of foreclosure entered in favor of Appellee. I also agree that the majority opinion is consistent with the recent precedent from this court that is cited in the opinion, providing that monies owed due to defaults that occurred more than five years prior to the filing date of the lawsuit must be excluded from the foreclosure judgment. However, if I were writing on a clean slate, I would not exclude these sums from the judgment and would affirm the final judgment of foreclosure for the entire balance owed on the thirty-year note at issue.

The first foreclosure suit on the subject note and mortgage was dismissed without prejudice. As a result of this dismissal, the prior acceleration of the debt owed by Velden on the note was revoked, resulting in the parties being placed back in their respective pre-acceleration positions. *See Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1021 (Fla. 2016) ("[E]ven if the note had been accelerated through the Bank's foreclosure complaint, the dismissal of the foreclosure action had the effect of revoking the acceleration."). Velden, however, defaulted on subsequent monthly note payments. At that point, Nationstar's predecessor, Freedom, "had the right to file a subsequent foreclosure action—and to seek acceleration of all sums due under the note—so long as the foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default." *Id.* That, in fact, is what happened here. However, the majority opinion finds error in the trial court's award of any amounts owed on the note that accrued more than five years before the present suit was filed.

In his recent concurring opinion in *Bollettieri Resort Villas Condominium Ass'n v. Bank of New York Mellon*, 228 So. 3d 72 (Fla. 2017), Justice Lawson addressed what he

4

perceived to be "a widespread and fundamental misunderstanding, in Florida, regarding how the statute of limitations, § 95.11(2)(c), Fla. Stat. (2017), operates vis-à-vis a long-term note (and mortgage)." 228 So. 3d at 73 (Lawson, J., concurring). Justice Lawson observed that when the right to accelerate the debt for non-payment is optional with the holder of the note, the statute of limitations does not run until the note is due, which is thirty years after signing, unless the lender or holder accelerates and declares the full balance due earlier. *Id.* at 74. Justice Lawson recognized that because the promissory note in that case allowed the lender or holder to hold off or forbear accelerating the note upon the borrower's non-payment, that such forbearance would "not constitute a waiver or defense against future collection of all sums due and owing under the note." *Id.*

Here, the note contained the same pertinent provisions. Applying *Bartram* and the logic from Justice Lawson's concurring opinion in *Bollettieri*[1] to the present case, although Freedom, or any successor such as Nationstar, could have waited until maturity date (i.e. thirty years after the note was signed) to bring its action for nonpayment on the note and to foreclose the mortgage upon Velden's subsequent defaults, it chose not to do so. Instead, Freedom again accelerated the debt, as it was permitted to do, and filed suit approximately five years and six months from the first default date alleged (and proved) in the complaint. Under Justice Lawson's analysis, Nationstar should not be deemed to have waived or forfeited its right to have included in the final judgment of foreclosure those monies owed for non-payments on the note that are more than five years from the filing of the lawsuit based on the statute of limitations defense.

---

[1] Justice Lawson acknowledged that the views expressed in his concurring opinion were of no precedential value, but he invited the districts courts to revisit this issue on their own. *Bollettieri*, 228 So. 3d at 75.