IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE, IN TRUST
FOR REGISTERED HOLDERS OF LONG
BEACH MORTGAGE LOAN TRUST 2006-6
ASSET-BACKED CERTIFICATES SERIES 2006-6,

      Appellant,

 v.                             Case No.  5D17-785

JAMES M. MILLER, ANGELA M. MILLER
A/K/A ANGELA MARIE MILLER A/K/A
ANGELA MARIE HAYES, ALL AMERICAN
MANAGEMENT, FAIRWINDS CREDIT UNION,
STATE OF FLORIDA, SEMINOLE COUNTY, FLORIDA,

      Appellees.
_____/

Opinion filed March 9, 2018

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Nicholas S Agnello, Courtney Oakes and
Matthew Mitchell, of Burr & Forman LLP, Ft.
Lauderdale, for Appellant.

Roger A Kelly, of Rush, Marshall, Jones
and Kelly, P.A., Orlando, for Appellee,
James M. Miller.

No Appearance for other Appellees.

PER CURIAM.

Deutsche Bank National Trust Company ("the Bank") appeals an order granting final summary judgment in favor of James and Angela Miller and dismissing its complaint based on the statute of limitations. We reverse.

In May 2013, the Bank filed a foreclosure complaint against the Millers, alleging that the Millers defaulted on their February 1, 2007 mortgage payment and all subsequent payments. The Millers successfully moved for summary judgment, arguing that the statute of limitations barred the Bank's claim based on the default date alleged in the complaint. See § 95.11(2)(c), Fla. Stat. (2013) (providing five-year statute of limitations period for foreclosure actions).

The trial court erred in granting the motion for summary judgment based on the statute of limitations. The Bank's complaint was not time-barred because the Bank alleged a continuous state of default that encompassed payments within the five years preceding the filing of the complaint. See Velden v. Nationstar Mortg., LLC, 43 Fla. L. Weekly D147 (Fla. 5th DCA Jan. 12, 2018); Bank of N.Y. Mellon v. Stallbaum, 230 So. 3d 1271, 1271 (Fla. 5th DCA 2017); U.S. Bank N.A. v. Diamond, 228 So. 3d 177, 178 (Fla. 5th DCA 2017); Klebanoff v. Bank of N.Y. Mellon, 228 So. 3d 167, 168 (Fla. 5th DCA 2017).

Accordingly, we reverse the entry of final summary judgment and remand for further proceedings.

REVERSED and REMANDED.

COHEN, C.J., PALMER and BERGER, JJ., concur.

2