[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10094
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-02324-TPB-SPF

EVANSTON INSURANCE COMPANY,
as successor by merger to Essex Insurance
Company,

Plaintiff-Appellant,

versus

WILLIAM KRAMER & ASSOCIATES, LLC,
a Florida Foreign Limited Liability Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 18, 2020)

Before WILSON, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

In this diversity action, Evanston[1] appeals the district court's order dismissing its negligence claim against Kramer with prejudice under Federal Rule of Civil Procedure 12(b)(6).  The district court concluded that Evanston's claim was time-barred, even under the longest potentially applicable statute of limitations.  Evanston insists that the district court erred because it failed to accept Evanston's factual allegations as true and improperly found facts.  For the following reasons, we affirm.

## I.

On August 15, 2016, Evanston sued Kramer for negligence in the Middle District of Florida.[2]  In its complaint, Evanston alleged the following.  Evanston insured a property.  So did a company called Aspen.  Aspen provided the first layer of coverage; Evanston provided excess coverage.

After the property sustained damage in a hurricane, both Evanston and Aspen hired Kramer to investigate and adjust the related claim.  Kramer sent checks for payment under Aspen's policy.  One of those checks went to Intervest, a mortgagee of the property.  As of then, Kramer knew or should have known that Intervest had a mortgagee interest in the property.  But Kramer never informed

---

[1] To avoid confusion, we refer to both Essex and its successor in interest, Evanston, as "Evanston."

[2] Earlier, Evanston had sued Kramer in the District of Connecticut, but we need not get into that procedural history to decide the case before us.

2

Evanston of that interest, even though Evanston had requested notice of any such interests. Ignorant of Intervest's interest, Evanston never paid Intervest when it paid its policy limits.

On or about December 27, 2010, Intervest sued Evanston to pursue its interest in Evanston's policy payments, and Evanston defended itself. On or about August 30, 2012, "[d]uring litigation with Intervest," Evanston realized that Kramer knew or should have known of Intervest's interest while adjusting the claim. Because of Kramer's failure to inform Evanston of Intervest's interest, Evanston paid over $250,000 to defend itself in court and paid Intervest $1,000,000 in excess of Evanston's policy limit to resolve Intervest's suit.

Kramer moved to dismiss the complaint under Rule 12(b)(6). The district court granted the motion and dismissed Evanston's complaint with prejudice. Evanston appealed.

## II.

"We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under [Rule] 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (per curiam). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3

"[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  Except in circumstances not alleged here, the statute of limitations for a negligence claim in Florida is four years from the time the claim accrues, i.e., when the last element occurs.  Fla. Stat. §§ 95.031(1), 95.11(3)(a).[3]  The elements of negligence are (1) duty, (2) breach, (3) causation, and (4) "[a]ctual loss or damage."  *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003).

Here, the district court did not err when it dismissed the complaint.  To start, the court assumed without deciding that Florida's (rather than Connecticut's) longer statute of limitations applied.  We will too.  For purposes of efficient review, we need only focus on one allegation: Because of Kramer's negligence, Evanston "incurred legal fees and expenses in the amount of $250,002.89 to defend . . . the [Intervest] lawsuit."  We accept that allegation as true.  Recall that Intervest sued Evanston in December 2010.  And under Florida's "first injury"

---

[3] "An exception is made for claims of fraud and products liability [and professional malpractice, medical malpractice, and abuse-based intentional torts] in which the accrual of the causes of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred."  *Davis v. Monahan*, 832 So. 2d 708, 709–10 (Fla. 2002) (referring to such an exception as "a delayed discovery rule").  But Evanston expressly states that it "is not arguing for the application of a discovery rule," and we take it at its word.  Yet, because Evanston relies on cases that turn on the application of a discovery rule, we add this for good measure: Evanston failed to allege any facts that invoke a discovery rule here or to explain how the discovery-rule cases it cites control in this case.  Independently, we see no statutory basis for applying a discovery rule here.  *See id.* at 710.

rule, the relevant statute of limitations attaches as soon as a legally remediable injury, even a "slight" one, results from wrongful conduct. *Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, 202 So. 3d 859, 862 (Fla. 2016), *opinion after certified question answered,* 844 F.3d 944 (11th Cir. 2016). We agree with the district court that we need not decide exactly when the statute of limitations would have attached. But it stands to reason that Evanston incurred at least some of its $250,000+ legal fees and expenses well before August 2012, when, as alleged in the complaint, it discovered "[d]uring litigation with Intervest" that Kramer knew or should have known about Intervest's interest. Indeed, we see no way to construe these allegations favorably to Evanston. Therefore, the statute of limitations certainly ran before August 15, 2016, when Evanston filed suit. Even under Florida law, the claim would be time-barred.

## III.

In conclusion, the district court did not err. It properly dismissed Evanston's complaint with prejudice under Rule 12(b)(6) because Evanston's negligence claim would be time-barred even under Florida law.

**AFFIRMED.**

5